**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS APRIL, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-68 Erie |
| | ) | |
| SUPERINTENDENT MARILYN BROOKS, | ) | District Judge McLaughlin |
| et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that:

1.    The Motion to Dismiss Amended Complaint filed by Defendants Brooks and Overton [Document # 20] be granted; and

2.    The Motion to Dismiss Amended Complaint filed by Defendant Baker [Document # 22] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants John and Jane Does be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

**II.    REPORT**

**A.    Relevant Procedural History**

On March 20, 2006, Plaintiff Nicholas April, an inmate incarcerated at the State Correctional Institution at Albion ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Named as Defendants are:  Marilyn Brooks, Superintendent at SCI-Albion ("Brooks"); Dr. Mark Baker, Medical Director at SCI-Albion ("Baker"); Maxine Overton, Healthcare Administrator at SCI-Albion ("Overton"); and unnamed Jane and John Does,

representing unknown medical and prison personnel.[1]  In his Complaint, Plaintiff alleged,

generally, that Defendants were deliberately indifferent to his serious medical needs in violation

of his rights under the eighth amendment to the United States Constitution. (Document # 3,

Complaint, Sections III and IV).

Plaintiff subsequently filed an Amended Complaint on October 11, 2006 [Document

# 19], setting forth the following causes of action, which are listed verbatim:

### Count I

28.   Defendant Brooks, Baker and Overton, as the Superintendent,
Health Care Administrator and Medical Director of SCI
ALBION, for supervisory liability for not giving their medical
staff and officers proper training in handling a severe medical
situation such as what transpired in Plaintiff's case.

### Count II

29.   Defendants John and Jane Does, alleged medical personnel, for
their deliberate indifference in the events that transpired on
March 26, 2004, amounting to cruel and unusual punishment
under the 8th Amendment....

### Count III

30.   John and Jane Doe for allowing plaintiff to fall in the day room
and not aiding him to the gurney outside, which amounted to
deliberate indifference under the 8th Amendment.

### Count IV

31.   Unknown, John Doe(s), guards who forced plaintiff to strip
search and dress into a yellow jumpsuit with the statement if
plaintiff did not comply he would not be going to the hospital;
this was deliberate indifference under the 8th Amendment, which
caused plaintiff additional pain and distress.

### Count V

32.   The defendants violated plaintiff's 14th Amendment for not
notifying his immediate family members of the heart attack,
which is normal and standard protocol....

(Document # 19, Amended Complaint at ¶¶ 28-32).  As relief for his claims, Plaintiff seeks

---

[1]

The docket in this case indicates that none of the John and Jane Doe Defendants has since been identified or served
by Plaintiff, and no attorney has entered an appearance on behalf of any of these Defendants.

declaratory relief, as well as compensatory and punitive damages.

Defendants Brooks and Overton, and Defendant Baker have filed motions to dismiss [Document ## 20 and 22] seeking dismissal of Plaintiff's Amended Complaint for failure to state a claim against them upon which relief may be granted.  Plaintiff has filed a response to Defendants' motions to dismiss, essentially restating the allegations of his Amended Complaint. [Document # 24].  This matter is now ripe for consideration.

### B.    Relevant Factual History[2]

Plaintiff alleges that on March 26, 2004, he suffered a severe heart attack while in his prison cell. (Document # 19, Amended Complaint, at ¶ 1).  Approximately 15 minutes after his cellmate pushed the emergency call button to alert prison staff that Plaintiff was having a heart attack, an unknown corrections officer arrived at Plaintiff's cell, asked some preliminary questions, and then called for medical personnel. (Id. at ¶¶ 2-3).  Approximately ten minutes later, medical staff arrived and determined that Plaintiff needed to go to the medical department. (Id. at ¶¶ 4-5).  Instead of carrying Plaintiff to the medical cart, the staff members required Plaintiff to walk on his own, "down about twenty steps and ... across the day room," where Plaintiff "collapsed and [was] told to stand up and continue walking to the gurney outside." (Id. at ¶¶ 6-7).  Once Plaintiff made it to the gurney, which was located approximately 50 yards from Plaintiff's cell, he was "forced to lay on a wet and cold platform and then driven to the medical department," where he was forced to walk to the examination room without assistance  (Id. at ¶¶ 8-9).

The medical personnel then performed an EKG and informed Plaintiff that he was having a heart attack, for which they gave him a nitroglycerin tablet and an aspirin. (Id. at ¶ 10). Plaintiff estimates that approximately 45 minutes passed from the time his EKG was taken until an ambulance was summoned. (Id. at ¶ 11).  While waiting for the ambulance, unknown

---

[2]

This factual recitation is taken directly from the allegations of Plaintiff's Amended Complaint.

corrections officers required Plaintiff to undergo a strip search and to change into a yellow jumpsuit. (<u>Id</u>. at ¶¶ 12-13). When the ambulance arrived, Plaintiff was transported to Millcreek Community Hospital ("Millcreek"), even though the hospital "was not equipped to handle a severe heart attack ..., solely because SCI ALBION has a contract with Millcreek," (<u>Id</u>. at ¶ 15-16). At Millcreek, Plaintiff received pain medication, which SCI-Albion's medical staff failed to give him previously. (<u>Id</u>. at ¶¶ 18-19). Plaintiff was subsequently transferred to St. Vincent Health Center "in the early morning hours" of March 27, 2004, "for further evaluation and therapy." (<u>Id</u>., Exhibit 1 at p. 1). At St. Vincent, Plaintiff underwent an emergency heart catheterization and stenting of a "nearly total proximal LAD occlusion." (<u>Id</u>., Exhibit 1 at p. 1). After recuperating from his procedure, Plaintiff was discharged from St. Vincent on March 30, 2004, and returned to SCI-Albion, where he was housed in the infirmary for one night. (<u>Id</u>. at ¶¶ 22-23).

After Plaintiff was released from the infirmary, he was "told to push his cart of belongings over 100 yards, unassisted, to [his] Unit." (<u>Id</u>. at ¶ 23). Plaintiff was then placed in a single cell. (<u>Id</u>. at ¶ 24). On April 16, 2004, Plaintiff saw Defendant Baker and complained about being in a single cell, because he "felt more stress being alone, without a cellmate's help" in the event he had another heart attack. (<u>Id</u>. at ¶ 25). In response, Defendant Baker advised Plaintiff that he wanted Plaintiff to remain in a single cell, due to his concern about adding additional "stressors" from being housed with another inmate. (<u>Id</u>.).

### C.    Standards of Review

#### 1.    Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The issue

is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 2.      Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." <u>Id.</u>

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. <u>See</u> Fed.R.Civ.P. 56(c); <u>Krouse v. American Sterilizer Co.</u>, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Country Floors, Inc. v. Partnership Composed of Gepner and Ford</u>, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" <u>Schoch v. First Fidelity Bancorporation</u>, 912 F.2d 654, 657 (3d Cir. 1990) <u>quoting</u> <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. <u>Matsushita Elec. Indus. Co. v Zenith Radio Corp.,</u> 475 U.S. 574 (1986); <u>Williams v. Borough of West Chester, Pa.,</u> 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. <u>Celotex</u>, 477 U.S. at 322; <u>Country Floors</u>, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. <u>Anderson v. Liberty Lobby, Inc</u>. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." <u>Firemen's Ins. Co. of Newark, N.J. v. DuFresne</u>, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 247-249.

### 3.    *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521(1972) <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Bierley</u>, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a

prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.      Discussion

#### 1.      Supervisory Liability

The only Eighth Amendment claim asserted against Defendants Brooks, Baker and Overton is "for supervisory liability for not giving their medical staff and officers proper training in handling a severe medical situation such as what transpired in plaintiff's case." (Document # 19, Amended Complaint, at ¶ 28).  Such a claim is not cognizable under 42 U.S.C. § 1983.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was

required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

In this case, Plaintiff has not even attempted to claim that Defendants Brooks, Baker, and Overton were, in any way, personally involved in the alleged misconduct perpetrated by SCI-Albion's medical and prison staff.  In fact, given the opportunity to respond to Defendants' argument that Plaintiff's Eighth Amendment claim should be dismissed because of his failure to allege their personal involvement, Plaintiff merely reiterates his claim of supervisory liability, asserting that "[i]t is quite obvious that by the mere actions by prison personnel during this health care emergency, that staff were not trained on how to handle such an emergency." (Document # 24, Plaintiff's Response, at p. 3).  This is not sufficient to state an Eighth Amendment claim against these Defendants, and such claim should be dismissed.


## 2.    The Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory  provisions with respect to actions brought by

prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[3].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

As noted previously, unnamed Defendants Jane and John Does were never served with a copy of Plaintiff's Amended Complaint, in contravention of this Court's order dated September 27, 2006, which required that "Plaintiff shall service [sic] a copy of the amended complaint upon each of the original Defendants, or their legal counsel, within twenty (20) days after filing the amended complaint, and file a certificate of service with this Court verifying such service." [Document # 18].  The Amended Complaint was filed on October 11, 2006; however, the docket entries in this case indicate that these Defendants have never been properly identified or served, and none of them has had an attorney enter an appearance on his or her behalf.  As a result, all unnamed Jane and John Doe Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the commencement of this case.

---

[3]

Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### 3.      Fourteenth Amendment Claim

Plaintiff claims that the Defendants violated his Fourteenth Amendment rights by failing to notify his immediate family members of his heart attack, "which is normal and standard protocol." (Document # 19, Amended Complaint, at ¶ 32).

To establish a due process claim under the Fourteenth Amendment, Plaintiff must demonstrate (i) the existence of a constitutionally protected liberty or property interest; and (ii) constitutionally deficient procedures by the state in its deprivation of that interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). If there is no protected interest, there is no need to determine whether the alleged deprivation was without due process. Alvin v. Suzuki, 227 F.3d 101, 116 (3d Cir. 2000).

To establish a protected liberty or property interest, Plaintiff must have a legitimate claim of entitlement to the subject of the alleged deprivation "which gives rise to more than a unilateral hope, or expectation of it." Kentucky Dept. Of Corrections v. Thompson, 490 U.S. 454, 459 (1989). Here, Plaintiff apparently assumed or expected that a family member would be notified of his heart attack, based upon his understanding of SCI-Albion's prior practice or protocol. However, even if this assumed "protocol" was mandated by prison policy, such a policy or procedure would not give rise to a protected interest. See Sandin v. Connor, 515 U.S. 472 (1995)(state prison procedures and policies create no due process rights); Thomas v. Rosemeyer, 199 Fed.Appx. 195, 198 (3d Cir. 2006)("state procedures, in themselves, do not confer a liberty interest protected by the due process clause")(citation omitted); Lamkey v. Roth, 1995 WL 516587 at * 1(N.D.Ill. Aug. 17, 1995)("No principle of federal constitutional law requires that notice be given to a sick inmate's family" even if a prison policy states in mandatory language that such a notice shall be given).

In short, Plaintiff has no constitutionally protected interest in having immediate family members notified that he was suffering, or had suffered, a heart attack. As a result, Plaintiff's Fourteenth Amendment claim fails to state a claim upon which relief may be granted and should be dismissed.

10

## III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Motion to Dismiss Amended Complaint filed by Defendants Brooks and Overton [Document # 20] be granted; and

2. The Motion to Dismiss Amended Complaint filed by Defendant Baker [Document # 22] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants John and Jane Does be dismissed in their entirety, as Plaintiff has failed to properly identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


　　　　　　　　　　　　　　　　　　　　　S/Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　　　　Chief U.S. Magistrate Judge


Dated: April 12, 2007

cc:   The Honorable Sean J. McLaughlin
　　　United States District Judge